UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RENEE COOPER, individually and on behalf of those similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CASE NO. 1:20-CV-3225<br>) |
| SKY TRANSPORTATION LLC d/b/a SUPPORT MEDICAL TRANSPORTATION and ROMAN GENOV | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## INDIVIDUAL AND COLLECTIVE ACTION COMPLAINT

Plaintiff Renee Cooper ("Cooper" or "Plaintiff"), individually and on behalf of those similarly situated, brings this action against Sky Transportation LLC d/b/a Support Medical Transportation ("Sky") and Roman Genov ("Genov") (together "Defendants"), as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* and shows as follows:

## OVERVIEW

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.* Defendants violated the FLSA by failing to pay Plaintiff and other similarly situated employees the overtime premium required under federal law. Plaintiffs and other similarly situated employees are current and former drivers for Defendants. Defendants own and operate a business providing non-emergency medical transportation in Indiana, Connecticut, Michigan, New Hampshire and Florida.

Defendants have violated the FLSA by way of its common policy and practice of refusing to pay their drivers for all compensable hours worked.

## PARTIES

2. Cooper is an individual who resides in Palestine, Ohio. She was employed by Defendants within the meaning of the FLSA during the three-year period prior to the filing of this Complaint. At all times hereinafter mentioned, Cooper was an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

3. Genov is an owner, member and/or officer of Sky. In this capacity, Genov is involved in the day-to-day business operations of Sky. Genov has the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour issues, including decisions regarding the overtime violations alleged in this Complaint. At all relevant times, Genov acted and had responsibility to act on behalf of, and in the interests of, Sky in devising, directing, implementing and supervising the wage practices and policies relating to employees, including the overtime issues raised in this lawsuit. At all relevant times, Genov was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

4. Sky is a Connecticut limited liability company doing business in Indiana. Sky acted, directly or indirectly, in the interest of an employer with respect to Plaintiff. Sky is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION

5. This Court has jurisdiction over Defendants because Plaintiff brings claims arising under federal law.

**VENUE**

6. Venue is appropriate in the Southern District of Indiana pursuant to 28 U.S.C. § 1391.

**FLSA COVERAGE**

7. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

8. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

9. At all times hereinafter mentioned, Plaintiff was an employees engaged in commerce or in the production of goods for commerce.

**FACTS**

10. Defendants own and operate a business providing non-emergency medical transportation throughout the state of Indiana, Connecticut, Michigan, New Hampshire and Florida.

11. Defendants employ or have employed over 150 drivers in Indiana, Connecticut, Michigan, New Hampshire and Florida.

12. Defendants employed Cooper as a driver from approximately July 2019 to March 2020 and throughout Cooper's employment, Cooper was paid an hourly rate.

13. Defendants pay all their drivers on an hourly basis.

14. Throughout her employment, Cooper performed work as a driver for Defendants throughout Indiana, including Marion County, Indiana.

15. Cooper was not exempt from the overtime provisions of the FLSA.

16. During her employment, Cooper worked in excess of forty (40) hours in a single workweek.

17. During Cooper's employment with Defendants, Defendants did not pay Cooper and those similarly situated for all compensable hours worked and thus, did not pay Cooper the overtime premium for all their hours worked in excess of forty (40) hours in a single workweek.

18. Defendants' common policy and practice as applied to Cooper and others similarly situated is as follows:

   a. All drivers, including Cooper, are paid on an hourly basis;

   b. All drivers, including Cooper, are required to drive a company owned car;

   c. Defendants written policy that applied to all drivers stated:

   If the first pick up location of the day is within 30 minutes of your home, then your time in the morning starts at the time of your first pickup. If the first pick up location of the day is more than 30 minutes from your home, for example 45 minutes, then you will get 15 minutes added to the start time. Same rules applies for the afternoon: if the last drop off location of the day is within 30 minutes of your home, then your end time for the day is your last drop off time, or the time of your last no-show. If it's more than 30 minutes – then you will get extra time added to your end time.

19. As a result of this common practice and policy that Defendants applied to all drivers they employed, Defendants violated the overtime provisions of the FLSA because they failed to compensate Cooper and those similarly situated for all overtime hours worked at a rate of one and one-half their regular rate of pay.

20. Specifically, by not paying drivers for their work time until they arrive at their first pick up of the day or until they have driven at least one half-hour, Defendants have not paid Cooper and those similarly situated any wages at all for many compensable hours they work each week.

21. Similarly, by not paying drivers for their work time after they have made their last drop off of the day or until they have driven at least one half-hour following their last drop off, Defendants have not paid Cooper and those similarly situated any wages at all for many compensable hours they work each week.

22. Defendants failed to keep accurate records of all the time actually worked by Cooper and those similarly situated in direct violation of the FLSA.

## COLLECTIVE ACTION FACTUAL ALLEGATIONS

23. Cooper, on behalf of herself and on behalf of all other employees similarly situated, brings her unpaid overtime claims as a collective action pursuant to 29 U.S.C. § 216(b).

24. Cooper, as well as all current and former drivers (or their functional equivalents)(hereinafter referred to as "Members of the Class"), do not perform work that qualifies them as exempt from the overtime provisions of the FLSA.

25. Defendants' drivers all perform similar job duties and are subject to the same work rules, policies and procedures.

26. Cooper, as well as Members of the Class, pursuant to Defendants' stated company-wide policy, are not paid for all compensable hours worked and thus, are not paid the overtime premium for all hours worked in excess of forty (40) in a single workweek.

27. Defendants have or have had a common practice and policy of refusing to count as hours worked all time drivers spend performing compensable activities.

28. Defendants' failure to pay the overtime premium as required by the FLSA results from a policy or practice applicable to Cooper and the Members of the Class. Application of this policy or practice does not depend on the personal circumstances of Cooper or those joining the lawsuit. Rather, the same policy or practice that resulted in nonpayment of overtime wages to Cooper applied to all Members of the Class. Accordingly, the class is properly defined as:

> **All current and former hourly paid drivers (or their functional equivalents) employed by Defendants.**

29. Defendants knowingly, willfully, or with reckless disregard carried out their illegal policy or practice of failing to pay the overtime premium required by the FLSA with respect to Cooper and Members of the Class.

### COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

30. Cooper hereby incorporate by reference Paragraphs 1-29 of this Complaint.

31. During the relevant time period, Defendants have violated and are violating the provisions of 29 U.S.C. § 207 by failing to comply with the overtime requirements of the FLSA.

32. Defendants have acted intentionally, willfully, or with reckless disregard to the rights of Cooper and Members of the Class as protected by the FLSA.

**PRAYER FOR RELIEF**

WHEREFORE, Cooper respectfully requests that this Court enter judgment against Defendants and award relief as follows:

a. An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Cooper (and those who have joined the lawsuit), in addition to liquidated damages equal in amount to the unpaid compensation due to Cooper (and those who have joined the lawsuit);

b. An Order awarding costs of this action;

c. An Order awarding Cooper (and those who have joined this action) their reasonable attorney's fees;

e. A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA by failing to comply with the overtime requirements of the FLSA;

f. An Order granting such other and further relief as may be necessary and appropriate.

Respectfully Submitted,

s/Robert J. Hunt
Robert J. Hunt (#30686-49)
Robert F. Hunt (#7889-84)
The Law Office of Robert J. Hunt
1905 South New Market Street, Suite 168
Carmel, IN 46032
E-Mail: rob@indianawagelaw.com
rfh@indianawagelaw.com

Attorneys for Plaintiff